UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

-against-

THE NEW YORK POLICE DEPARTMENTS &
PRECINCTS IN MANHATTAN NY,

                Defendants.

23-CV-2906 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se* and *in forma pauperis* ("IFP"), brings this action under

42 U.S.C. § 1983.[1] Named as Defendants are "The New York Police Departments & Precincts in

Manhattan NY." Plaintiff originally filed this action in the United States District Court for the

Eastern District of New York. *See Hussey v. New York Police Departments & Precincts in

Manhattan NY*, No. 23-CV-0531 (E.D.N.Y. Mar. 24, 2023). This case is one of the 60 cases

Plaintiff has filed in the Eastern District in recent months, including 43 cases filed on the same

day. By order dated March 24, 2023, the Eastern District transferred this action to this court. For

the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 60 days' leave

to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island when he filed this action. In a notice dated April 10, 2023, Plaintiff confirmed that he was released from custody. (ECF 11.) However, according to records maintained by the New York City Department of Correction, as a result of a May 6, 2023, arrest, Plaintiff is currently detained in the Eric M. Taylor Center on Rikers Island.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff lists "The New York Police Departments & Precincts in Manhattan NY" as the Defendants in the caption of the complaint. In the section of the complaint form in which he is asked to list all defendants, he lists as a single defendant, "The City of New York Police Department, Communications Division, Tape & Records Unit" and "The Commissioner." (ECF 1, at 2.)[2] He states that the events giving rise to his claims occurred at "multiple places around Manhattan & within precincts in Manhattan." (*Id.* at 3.) In response to the question asking when these events happened, Plaintiff states that "the date time & events of the incidents are being witheld & I ask that they are released." (*Id.* at 4.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standardized capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff alleges the following:

Within the borough of Brooklyn Ive experienced a lot of police brutality physical & sexual harassment from police officers & life threatening experiences & incidents, & the interception of multiple financial opportunities, such as interviews & business meetings. Ive also experienced several cases of unlawful arrest by police officers, more than ten counts. * The incidents have also led to wrongful hospitalizations due to the police department trying to justify a wrongful arrest.

(*Id.*)

Plaintiff alleges that he has suffered financial damages, back pain, headaches, "various scars," and hospitalizations that "resulted in false medical diagnosises & medical malpractice." (*Id.* at 5.)

Plaintiff requests $10 million in damages, "all footages & information of past arrest," and "disclosures of all officers that ever arrested" him, and he asks the Court to "verify [his] words with the information in tapes & files." (*Id.*)

## DISCUSSION

**A.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint fails to comply with Rule 8. He alleges that he is the victim of "police brutality," "sexual assault," "unlawful arrests," and "wrongful hospitalizations," but he pleads no facts describing any of the specific events giving rise to his claims. For example, he does not allege when or where he was arrested, who arrested him, or any facts suggesting that any such arrest violated his federal constitutional rights. Plaintiff's allegations, even when afforded the solicitude due to *pro se* submissions, do not provide sufficient factual detail to plausibly suggest that any defendant has violated his federally protected rights. The Court therefore dismisses the complaint for failure to state a claim on which relief many be granted. Because it is unclear whether Plaintiff may be able to allege additional facts to state a plausible claim, in light of his *pro se* status, the Court grants him 60 days' leave to replead his claims in an amended complaint.

**B.      The New York City Police Department**

The Court must dismiss Plaintiff's claims against the New York City Police Department ("NYPD") and its precincts because subdivisions of the City of New York, such as the NYPD and its individual precincts, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Even if the Court construes Plaintiff's claims against the NYPD and its precincts as being asserted against the City of New York, he still fails to state a claim. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,*
131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under
this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or
'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.
of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir.
2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must
allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the
policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones
v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v.
Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, nothing in Plaintiff's
complaint suggests that the City of New York has a policy, practice, or procedure that caused a
violation of his federal constitutional rights. If Plaintiff has facts suggesting that the City of New
York violated his federal constitutional rights, he may replead his claims against the City of New
York in his amended complaint.

## C.    NYPD Commissioner

Plaintiff also appears to name the Commissioner of the NYPD as a defendant. To state a
claim under Section 1983, a plaintiff must allege facts showing the defendant's direct and
personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t
of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal
involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award
of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held
liable under Section 1983 solely because that defendant employs or supervises a person who
violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government
officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that the NYPD Commissioner was personally involved in the events underlying his claims. Plaintiff's claims against the NYPD Commissioner are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff has facts showing that the Commissioner of the NYPD was personally involved in violating his rights, he may replead his claims against this defendant in his amended complaint.

**D.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.    Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff may be able to allege additional facts to state a plausible claim under Section 1983, the Court grants Plaintiff 60 days' leave file an amended complaint detailing his claims.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to replead his claims under Section 1983 in an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-2906 (LTS). An Amended Civil Rights Complaint form is attached to this order.

If Plaintiff fails to file an amended complaint within the prescribed time and he cannot show good cause for such failure, the Court will enter judgment dismissing the action for failure

to state a claim on which relief many be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declining to

exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting, 28 U.S.C.

§ 1367(c)(3).

       The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     June 20, 2023
           New York, New York

                                   /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No
               *(check one)*

___ **Civ.** _____ (    )

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

> Who did
> what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

> What
> happened
> to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes \_\_\_\_     No \_\_\_\_     Do Not Know \_\_\_\_

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes \_\_\_\_     No \_\_\_\_     Do Not Know \_\_\_\_

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes \_\_\_\_     No \_\_\_\_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes \_\_\_\_     No \_\_\_\_

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.     Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.   Previous lawsuits:**

<div style="margin-left:1em; border:1px solid black; display:inline-block;">On
these
claims</div>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2. Court (if federal court, name the district; if state court, name the county) _____
        _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

        6.      Is the case still pending?  Yes _____   No _____

                If NO, give the approximate date of disposition_____

        7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
                _____
                _____

<div style="margin-left:1em; border:1px solid black; display:inline-block;">On
other
claims</div>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

        Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.      Court (if federal court, name the district; if state court, name the county) _____
        _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

*Rev. 01/2010*                              6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number              _____

Institution Address         _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____